UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY E. THOMPSON**, <br><br> Petitioner, <br><br> v. <br><br> **THOMAS WINN**, <br><br> Respondent. | 2:18-cv-13959 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER CONDITIONALLY GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Anthony E. Thompson, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After a jury trial in Wayne County Circuit Court, he was convicted of second-degree murder, possession of a firearm while under the influence of alcohol, and possession of a firearm during the commission of a felony. *See* Mich. Comp. Laws §§ 750.317, 750.237(1), 750.227b. In 2013 he was sentenced to 15–30 years in prison for the murder conviction, 5–15 years for the possession under the influence conviction, and a consecutive two years for the felony-firearm conviction. Petitioner claims that his Sixth Amendment rights were violated by the trial court's use of mandatory sentencing guidelines. He also asserts claims for ineffective assistance of counsel by both his trial and appellate attorneys and argues that he was prejudiced by the

1

prosecutor's failure to respond to this application for leave to appeal to the Michigan Supreme Court.

The Court will grant Petitioner sentencing relief on his Sixth Amendment claim. Because the Court is providing Petitioner his requested relief, it need not consider his claims for ineffective assistance of counsel. Finally, the petition will be denied with respect to Petitioner's fourth claim regarding the prosecutor's failure to respond to his application for leave to appeal.

## BACKGROUND

The charges against Petitioner stemmed from an altercation that took place in a residential driveway in Detroit. Petitioner shot Randy Spivey to death during that argument. A number of people witnessed the shooting. The five individuals who testified at Petitioner's jury trial gave largely consistent accounts of the incident. According to the trial testimony, six individuals—Ineisha Robinson, Vianda Melton, Kevin Bell, Desiree Matthews, Angie Stephenson, and Randy Spivey—were at Melton's house for a party on the evening of the incident. Petitioner was called to the house sometime around midnight to pick up Stephenson, his girlfriend, because she was too inebriated to make her own way home.

Trouble started when Petitioner and Stephenson began arguing in the driveway. Petitioner shoved Stephenson, which prompted Spivey and Melton to intervene and confront Petitioner, who was already being set up on by Stephenson. Thirty-two-year-old Spivey—known as "Big Boy"—

stood 6'2" tall and weighed 296 pounds. Petitioner, who was 51 years old at the time, stood 5'10" and weighed 182 pounds. Spivey knocked or pushed Petitioner to the ground. There was some dispute as to whether Petitioner continued to be attacked by one or more of the individuals present while he was on the ground. In any event, Petitioner next pulled out a 9mm handgun and shot Spivey once in the chest, at close range, killing him. Petitioner remained at the scene until police arrived. He produced a valid license to carry a concealed weapon and turned over his firearm to officers. Petitioner told the officers that he had shot Spivey after being knocked to the ground and attacked.

The jury rejected Petitioner's self-defense claim and found him guilty of second-degree murder, possession of a firearm while under the influence of alcohol, and possession of a firearm during the commission of a felony. Sentencing took place on October 8, 2013. See ECF No. 1, PageID.1. The sentencing guidelines for the murder conviction were calculated to provide for a prison term of between 180 and 300 months, 180 months being the minimum. ECF No. 9-12, PageID.877 (Sentencing Tr.). Defense counsel indicated during sentencing that he agreed with that calculation. *Id.* at PageID.877, 881. Nevertheless, defense counsel argued that the court should downward-depart from the guideline range based on the facts and circumstances of the case. ECF No. 9-12, PageID.881. The prosecutor, on the other hand, asked for a harsher sentence and argued that Petitioner's minimum sentence should "be set

at the high end of the guidelines." ECF No. 9-12, PageID.883. The trial court declined to sentence Petitioner below the agreed-upon guidelines range of between 180 and 300 months. Instead, citing mitigating circumstances, the court sentenced Petitioner at the very bottom of the range, to a prison term of between 180 and 360 months. ECF No. 9-12, PageID.896. For the possession of a firearm while intoxicated conviction, Petitioner received as sentence of 60 to 180 months, to run concurrently with his sentence for second-degree murder. ECF No. 9-12, PageID.896. He received a mandatory consecutive two-year sentence for the possession of a firearm during the commission of a felony conviction. ECF No. 9-12, PageID.896–97.

After sentencing, Petitioner appealed to the Michigan Court of Appeals. He raised a single claim challenging the sufficiency of the evidence. The Michigan Court of Appeals affirmed his conviction. *People v. Thompson*, No. 319075, 2015 WL 1122675 (Mich. Ct. App. March 12, 2015). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, raising the same claim, but the court denied leave. *People v. Thompson*, 869 N.W.2d 611 (Mich. Sep. 29, 2015) (Table).

In the intervening time between the Michigan Court of Appeals decision affirming Petitioner's convictions and the Michigan Supreme Court's denial of his application for leave to appeal, the Michigan Supreme Court decided *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). That opinion invalidated Michigan's mandatory sentencing

4

guidelines scheme. Yet Petitioner's appellate counsel did not seek to amend the application for leave to appeal based on the *Lockridge* decision. Petitioner then obtained new counsel, who filed a motion for relief from the trial court's judgment. That motion argued that the court's calculation of the sentencing guidelines violated Petitioner's Sixth Amendment jury trial rights, that trial counsel was ineffective for failing to raise the issue at sentencing, and that appellate counsel was ineffective for not raising the claim on direct appeal. The trial court denied relief, finding that *Lockridge* did not apply retroactively to cases on collateral review. ECF No. 9-15, at 2. The court also declined to second-guess counsels' decision not to press the sentencing claim earlier. *Id.*

Petitioner filed a *pro se* delayed application for leave to appeal to the Michigan Court of Appeals, raising the same claims. The appellate court denied relief via form order. *People v. Thompson*, No. 340412 (Mich. Ct. App. Dec. 19, 2017). Petitioner then applied for leave to appeal to the Michigan Supreme Court but was again denied. *People v. Thompson*, 917 N.W.2d 669 (Mich. 2018) (Table).

## STANDARD OF REVIEW

Section 2254(d) of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, places strict limits on federal courts' authority to grant applications for a writ of habeas corpus by state prisoners. *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013). Section

5

2254(d) instructs that federal courts "shall not" grant a habeas petition filed by a state prisoner with respect to any claim adjudicated on the merits by a state court, absent applicability of either of two specific exceptions. The first exception occurs if the state-court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The second exception applies if the state-court judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The statute therefore requires a high degree of deference to state-court rulings and demands those decisions be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Fundamentally, § 2254(d) casts federal habeas review as a safeguard against "extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (citation omitted).

## DISCUSSION

Petitioner's first three claims arise from the trial court's calculation of his applicable sentencing guideline range. He first argues that the trial court violated his Sixth Amendment right to a jury trial by taking into account facts not proven beyond a reasonable doubt in fashioning his sentence. Petitioner's second and third claims assert ineffective

assistance of counsel by his trial and appellate attorneys for failing to raise the sentencing-guidelines issue at sentencing or on direct appeal.

On June 17, 2013, a few months before Petitioner was sentenced, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a particular offense is an element of that offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, at 103 (2013). *Alleyne* expanded the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), which together held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which had stood for the proposition that only factors that increase the maximum—as opposed to the minimum—sentence must be proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 106–07.

At the time of Petitioner's sentencing hearing, Michigan's sentencing scheme made its guidelines mandatory. Accordingly, the sentencing court was required to set a defendant's minimum sentence term within the recommended guideline range, absent substantial and compelling reasons to do otherwise. *See* Mich. Comp. Laws § 769.34(2)–(3); *People v. Babcock*, 666 N.W.2d 231, 237 (Mich. 2003). For some time, courts found that Michigan's mandatory scheme did not violate the Sixth

Amendment. *See, e.g., Chontos v. Berghuis*, 585 F. 3d 1000, 1001–1002 (6th Cir. 2009). But in 2015 the Michigan Supreme Court in *Lockridge* relied on *Alleyne* to hold that the State's sentencing scheme violated the Sixth Amendment. Specifically, the Michigan Supreme Court found that the "guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence [contrary to] *Alleyne*." *Lockridge*, 870 N.W.2d at 511. In 2018, the Sixth Circuit followed suit and granted habeas relief on a challenge to Michigan's mandatory sentencing guidelines, finding that Michigan's scheme was unconstitutional under *Alleyne*. *Robinson v. Woods*, 901 F. 3d 710, 716–18 (6th. Cir. 2018). The Sixth Circuit found that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences. *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

Here, although sentencing counsel agreed to the guidelines calculation, counsel nonetheless asserted that a sentence below the recommended range was warranted by the facts of the case and the circumstances of the offender. Under the mandatory scheme, however, the trial court could only sentence Petitioner below the guideline range if it found "substantial and compelling" reasons to do so. *Babcock*, 666 N.W.2d at 237. By imposing a guidelines sentence, the court necessarily

found that Petitioner did not establish substantial and compelling reasons for a downward departure. Because the parties agreed the applicable guidelines range was between 180 and 300 months, the sentencing transcript does not contain specific details about scoring of the sentencing guidelines. *See* ECF No. 9-12, PageID.877, 881. But the fact that the agreed-upon range was 180 to 300 months indicates Petitioner was placed in one of three sentencing grids: BIII, CII, or DI. *See* Mich. Comp. Laws § 777.61. It follows that Petitioner was assessed points under either the offense variables, or for having a prior record. Yet the jury's general verdict of guilty of second-degree murder did not make a beyond-a-reasonable-doubt determination of the facts used to score the sentencing guideline variables. Accordingly, the minimum sentence of 15 years imposed by the trial court based on its calculation of the sentencing guidelines was rooted in factual findings not proven beyond a reasonable doubt. This violated Petitioner's Sixth Amendment jury trial rights. *See Morrell v. Burton*, No. 2:17-CV-10961, 2020 WL 59700, at *4 (E.D. Mich. Jan. 6, 2020).[1]

---

[1] The Court notes that it denied relief with respect to a similar claim in *Malesh v. Trierweiler*, Case No. 16-cv-11754, 2019 WL 414957 (E.D. Mich. Jan. 31, 2019). In *Malesh*, however, the habeas petitioner agreed to the imposition of a guidelines sentence as part of his plea bargain. *Id.* at *1. To the extent that distinguishing factor does not justify a different result here, the Court finds that it is bound to follow the Sixth Circuit's published decision in *Robinson* and not its own previous unpublished decision. *See, e.g., Brent v. Wayne County Department of Human Services*, 901 F.3d 656, 685 (6th Cir. 2018) (published precedent overrides unpublished opinion).

Petitioner's Sixth Amendment claim is neither non-cognizable nor procedurally defaulted. First, he is arguing that the state court's mandatory application of the sentencing guidelines violated his Sixth Amendment rights, not that his guidelines were scored incorrectly as a matter of state law. Accordingly, Respondent's argument that Petitioner may not challenge the trial court's application of the sentencing guidelines under state law is inapposite. *Cf. Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (holding that a challenge to trial court's application of Michigan sentencing guidelines raising issues of state law was not cognizable on habeas review). Further, Petitioner's Sixth Amendment claim is not procedurally defaulted because the state court failed to enforce the applicable procedural rule that might have served to bar habeas review.

Federal courts may not review federal claims that a habeas petitioner has allowed to procedurally default in the state courts. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A claim will be procedurally defaulted if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce that rule; (3) the state procedural rule provides an adequate and independent state-law ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice that would justify excusing the default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc) (citation omitted).

Here, there is a state procedural rule that generally requires claims to be raised on direct review in the state courts. See Mich. Ct. R. 6.508(D)(3). But the state courts did not apply this rule as a reason for denying Petitioner relief. After the Michigan Court of Appeals affirmed Petitioner's conviction and the Michigan Supreme Court denied leave to appeal, he filed a motion for relief from judgment in the state criminal court. *See* ECF No. 9-14, PageID.922–24. In adjudicating that motion the trial court cited Michigan Court Rule 6.508(D)(3). The Rule provides that Michigan courts may not grant a petitioner post-appeal relief on grounds "which could have been raised on appeal from the conviction and sentence or in a prior motion" unless the petitioner cites good cause for failure to do so, or actual prejudice that affected his chances of securing acquittal, a less severe sentence, or a more favorable plea deal. Mich. Ct. R. 6.508(D)(3). Although the trial court referenced Rule 6.508 in the legal-standard section of its order, the court denied Petitioner's motion for relief from judgment on the basis that *Lockridge*, 870 N.W.2d 502, "has no retroactive application to sentences on collateral review." ECF No. 9-14, PageID.923. Because the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal the sentencing court's denial of his motion, and the Michigan Supreme Court denied leave to appeal, neither court denied Petitioner relief on his sentencing claim based on any state procedural rule. Because the state courts did not rely on any state procedural rule as the basis for denying Petitioner

11

sentencing relief, this Court's review of his sentencing claim is not barred.

Because the Court is permitted to review Petitioner's claim that his Sixth Amendment rights were violated, it will do so. Sixth Circuit precedent holds that "Michigan trial courts' use of judge-found facts to score mandatory sentencing guidelines that resulted in an increase of petitioner's minimum sentence violate[s] the petitioner's Sixth Amendment rights." *Robinson*, 901 F.3d at 718 (applying the Supreme Court's holding in *Alleyne*). In this case, the record establishes that the judge assessed Petitioner points under the guidelines either in connection with offense variables, or for having a prior record. These factual findings, which served to increase Petitioner's minimum sentencing range, were found by the judge—not the jury. Accordingly, the Court finds that Petitioner is entitled to a writ of habeas corpus conditioned on the trial court resentencing him in compliance with *Alleyne*.

Again, because the Court is conditionally granting Petitioner his requested sentencing relief, it will not address his claims for ineffective assistance of counsel. Briefly, Petitioner's fourth claim that the prosecutor failed to file an answer to his application for leave to appeal to the Michigan Supreme Court during state post-conviction review proceeding is without merit. Petitioner does not develop the argument. In any event, the prosecutor's failure to oppose his appeal did not impact

his federal constitutional rights. 28 U.S.C. § 2254(a). Nor does the claim merit a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus in part. Unless the State of Michigan takes action to re-sentence Petitioner within ninety (90) days of the date of this opinion, he may apply for a writ ordering that Respondent release him from custody.

**SO ORDERED**.

Dated: April 13, 2020		s/Terrence G. Berg
			TERRENCE G. BERG
			UNITED STATES DISTRICT JUDGE